An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCIS BAYANI GAON, A/K/A JUN
FRANCIS GAON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JENNIFER P. TOGLIATTI, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68809

**FILED**

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER DENYING PETITION*

This is an original petition for a writ of habeas corpus. Petitioner Francis Bayani Gaon argues that he is unlawfully restrained because he has been charged with a felony offense for driving under the influence pursuant to NRS 484C.410(1) (providing that an offender who has previously been convicted of felony offense for driving under the influence has committed a felony when he commits any subsequent offense for driving under the influence). Gaon argues that the instant felony prosecution is a breach of his 1985 plea agreement because he understood and was informed by his counsel at the time that any future driving-under-the-influence offense would be a felony only for a period of 7 years. Gaon further argues that application of NRS 484C.410(1) constitutes a violation of the Ex Post Facto Clause.

Gaon has failed to demonstrate that he has been unlawfully restrained. *See* NRS 34.360. Gaon is presently charged with a felony

15-31389

offense for driving under the influence and his custody is based upon that charge. Gaon fails to demonstrate that his present prosecution is a breach of his 1985 plea agreement as he has provided no documentary proof that a term of his 1985 plea agreement was that he could only be charged with a felony for a subsequent offense for a period of only 7 years.[1]

More importantly, Gaon's ex post facto argument is without merit. Although Gaon's 1985 felony conviction occurred before the 2005 enactment of the provision making a subsequent offense a felony regardless of the timing, *see* 2005 Nev. Stat., ch. 193, § 3, at 607-08,[2] at the time he committed the instant offense, reference to NRS 484C.410(1) informed Gaon that he was subject to a felony prosecution for any driving-under-the-influence offenses because of his prior felony convictions. *See Dixon v. State*, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987) (holding that the third-offense felony provision was not an ex post facto law, despite the fact that the prior convictions antedated enactment of the provision, because the statute in effect at the time the defendant committed the subsequent offense informed him of the penalty); *see also Weaver v. Graham*, 450 U.S. 24, 30 (1981) (stating that the Ex Post Facto Clause "forbids the imposition of punishment more severe than the punishment assigned by law *when the act to be punished occurred*" (emphasis added));

---

[1]The declarations provided by Gaon merely indicate the advice given in 1985, which was accurate given the law at the time of his prior offense, *see* 1983 Nev. Stat., ch. 426, § 10, at 1070-71, and do not support an argument that the plea agreement contained a term that any subsequent felony prosecution was limited to 7 years.

[2]The Legislature made the amendment applicable to all offenses committed before October 1, 2005. *See* 2005 Nev. Stat., ch. 193, § 14, at 617.

*United States v. Kaluna*, 192 F.3d 1188, 1199 (9th Cir. 1999) (providing that recidivist statutes do not violate the Ex Post Facto Clause if the recidivist statutes exist at the time of commission of the subsequent offense). Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Jennifer P. Togliatti, District Judge
      Law Offices of John G. Watkins
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk